IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| MITCHELL CRAIG LITZ,<br><br>Petitioner<br><br>vs.<br><br>DISTRICT ATTORNEY OF ERIE COUNTY, et al.,<br><br>Respondents | )<br>)<br>) 1:25-CV-00185-RAL<br>)<br>) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge<br>)<br>) MEMORANDUM OPINION ON<br>) RESPONDENTS' MOTION TO<br>) DISMISS AND PETITIONER'S<br>) PETITION FOR WRIT OF HABEAS<br>) CORPUS<br>)<br>)<br>) ECF NOS. 3 AND 14<br>) |

## I.   INTRODUCTION

Petitioner Mitchell Craig Litz has filed a petition, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 3. Litz challenges the judgment of sentence imposed by the Court of Common Pleas of Erie County following his conviction for DUI, aggravated assault by vehicle while DUI, and accidents involving death or personal injury at criminal docket number CP-25-CR-001495-2015. *Id.* The lone ground presented in Litz's petition is that his convictions should have merged for purposes of sentencing. *Id.* In a responsive motion to dismiss, Respondents maintain that this Court lacks jurisdiction over Litz's petition because it is second or successive and has not been authorized by the Court of Appeals for the

Third Circuit. ECF No. 14. For the following reasons, Respondents' motion will be granted and Litz's petition will be dismissed.

## II.    BACKGROUND

On January 6, 2016, Litz pled guilty to charges of DUI, aggravated assault by vehicle while DUI, and accidents involving death or personal injury. *See Commonwealth v. Litz*, 2018 WL 3122046, at *1-2 (Pa. Super. Ct. June 26, 2018). He was sentenced to an aggregated term of incarceration of 8 ½ to 17 years. *Id.*

On January 3, 2019, Litz filed a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania asserting claims based on ineffective assistance of counsel and the alleged denial of a "hearing-impaired hearing." S*ee Litz v. Commonwealth of Pennsylvania*, No. 1:19-cv-00001-SPB-RAL (W.D. Pa. 2019), at ECF No. 38, at p. 4. On May 13, 2020, the undersigned issued a Report and Recommendation that Litz's petition be dismissed because his claims were procedurally defaulted. *Id.* at pp. 9-14. United States District Judge Susan Paradise Baxter adopted that recommendation on July 10, 2020, and dismissed the action. *Id.* at ECF No. 50.

Almost eighteen months later, Petitioner filed a "motion to vacate" Judge Baxter's order based on "Exceptional Circumstances in the Discovery of Previous Unavailable Evidence and an Intervening Change in Controlling Law." *Id.* at ECF No. 60. As in the instant petition, Litz argued that "all of [his] sentences . . . should have merged for sentencing purposes." *Id.* at p. 5. On July 14, 2022, Judge Baxter

issued a Memorandum Order denying Litz's motion for lack of jurisdiction because he was attempting to bring an unauthorized second or successive habeas petition under the guise of a Rule 60(b) motion. *Id.* at ECF No. 65.

The instant petition for writ of habeas corpus, filed almost three years later, presents the same merger claim that Litz asserted in his motion to vacate in the prior habeas action. ECF No. 3. Respondent has filed a motion to dismiss, *see* ECF No. 14, and Litz has filed a response in opposition to Respondents' motion. ECF No. 27. As such, this matter is ripe for adjudication.[1]

## III.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas corpus petition challenging a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). *See, e.g., Magwood v. Patterson*, 561 U.S. 320 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the Court of Appeals must decide within thirty days whether there is a *prima facie* showing that the application satisfies § 2244's substantive requirements, set forth in § 2244(b)(2). *See* U.S.C. § 2244(b)(3). AEDPA's allocation of "gatekeeping"

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

responsibilities to the Courts of Appeals divests district courts of jurisdiction over habeas petitions that are second or successive filings until the appropriate Court of Appeals authorizes the filing. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).

In the instant petition for a writ of habeas corpus, Litz is attacking the same judgment of sentence that he challenged in his prior habeas action at 1:19-cv-00001-SPB-RAL. A review of the Court of Appeals' docket establishes that Petitioner has not sought or received authorization to pursue a second or successive petition. Accordingly, this Court must dismiss the petition for lack of jurisdiction.[2]

IV.    CERTIFICATE OF APPEALABILITY

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

---

[2] This conclusion is without prejudice to Petitioner's ability to seek authorization to file a second or successive petition from the Court of Appeals for the Third Circuit. If the Court of Appeals grants his application, he can then file another habeas action in this Court at a new docket number.

whether the district court was correct in its procedural ruling." *Id.* Here, the Court concludes that jurists of reason would not find it debatable whether each of Petitioner's claims should be denied for the reasons given herein. Accordingly, a certificate of appealability should be denied.

V.    CONCLUSION

For the reasons set forth herein, Litz's Petition will be denied, and no certificate of appealability will issue. An appropriate order will follow.

Dated this 10th day of June, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

5